1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8  JOAQUIN YBARRA,                                          CV F   05 1013 OWW SMS P

9                              Plaintiff,

                                                           ORDER DISMISSING COMPLAINT WITH
10       v.                                                LEAVE TO AMEND (Doc. 1)

11                                                         ORDER DIRECTING CLERK OF COURT TO
    LAMARQUE, et. al.,                                     SEND PLAINTIFF BLANK CIVIL RIGHTS
12                                                         FORM

                              Defendants.
13  _____/

14

15       Joaquin Ybarra ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

16  this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on August

17  8, 2005, naming Wardens LaMarque, and Calderon, Correctional Officers Briddle, McEnroe,

18  Vryoff, Hawkes, Oftendahl, Stockman, Tucker and Does 1 through 10 as Defendants.  The

19  events at issue took place at Pelican Bay State Prison, Corcoran State Prison, and Salinas Valley

20  State Prison.

**A.  SCREENING STANDARD**
21

22       The court is required to screen complaints brought by  prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

4  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

5  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

6  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

7  complaint under this standard, the court must accept as true the allegations of the complaint in

8  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

9  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11  **B.  SUMMARY OF COMPLAINT**

12       Plaintiff alleges generally that the named Defendants engaged in a pattern of conduct

13  causing Plaintiff to suffer serious injuries as a result of being the victim of several attempted

14  murders by other inmates.  Plaintiff states that the Defendants were aware of information from

15  several sources that he was a target for assault and that they failed to act to protect him.  Despite

16  this knowledge, Plaintiff alleges that he was released to the general population where within

17  minutes of entry he was assaulted.  This happened on at least two occasions.  Plaintiff states that

18  his Eighth Amendment rights were violated.

19  **C.  CLAIMS FOR RELIEF**

20       *1.  Linkage Requirement*

21       The Civil Rights Act under which this action was filed provides:

22           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the

23           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at

24           law, suit in equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

26  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

28  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

1  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

2  in another's affirmative acts or omits to perform an act which he is legally required to do that

3  causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

4  Cir. 1978).  In order to state a claim for relief under section 1983, the plaintiff must link each

5  named defendant with some affirmative act or omission that demonstrates a violation of

6  plaintiff's federal rights.

7       In this case, although Plaintiff names numerous Defendant he fails to link any of the

8  named Defendants, including those Doe Defendants, to an act or omission giving rise to a

9  constitutional violation.  Plaintiff may not allege generally that the Defendants knew of and

10  disregarded his safety, he must provide specific information as to when the events occurred, the

11  facts surrounding those events, the persons involved and how that action violated his

12  constitutional rights.

13       *2. Eighth Amendment*

14       Prison officials have a duty to take reasonable steps to protect inmates from physical

15  abuse.  Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To

16  establish a violation of this duty, the prisoner must establish that prison officials were

17  "deliberately indifferent to a serious threat to the inmates's safety."  Farmer v. Brennan, 511 U.S.

18  at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First,

19  the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan,

20  511 U.S. at 834 (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official

21  must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837.

22       Here, as stated above, Plaintiff does not provide specific information as to the dates the

23  event occurred, the acts or omissions giving rise to the violation and he does not link any of the

24  named Defendants to these acts or omissions.  As such, Plaintiff does not state a cognizable

25  Eighth Amendment claim.

26       **3. Supervisory Liability**

27       Supervisory personnel are generally not liable under Section 1983 for the actions of their

28  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

1  supervisorial position, the causal link between him and the claimed constitutional violation must

2  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

3  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim

4  for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege

5  some facts that would support a claim that supervisory Defendants either: personally participated

6  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

7  prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

8  repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

9  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List,

10  880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts

11  must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County

12  Narcotics Unit, 507 U.S. 163, 168 (1993).

13       Plaintiff has not alleged any facts indicating that Defendants personally participated in the

14  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

15  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

16  of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v.

17  Black at 646.

18  **D.  CONCLUSION**

19       The Court finds that Plaintiff's complaint does not contain any claims upon which relief

20  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

21  time to file an Amended Complaint curing the deficiencies identified above should he wish to do

22  so.

23       Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

24  resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

25  1980).  The Amended Complaint must specifically state how each Defendant is involved.

26  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

27  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,

28

4

1  U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.  1980); <u>Johnson v.  Duffy</u>, 588

2  F.2d 740, 743 (9th Cir.  1978).

3       Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

4  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

5  Complaint supersedes the original complaint.  <u>See</u> <u>Loux v.  Rhay</u>, 375 F.2d 55, 57 (9th Cir.

6  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

7  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

8  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

9  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

10 appropriate case number, and be an original signed under penalty of perjury.

11 **E.  ORDER**

12      The Court HEREBY ORDERS:

13      1.     The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

14             complaint form;

15      2.     The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

16             from the date of service of this order, Plaintiff SHALL:

17             a.     File an Amended Complaint curing the deficiencies identified by the Court

18                    in this Order, or

19             b.     Notify the Court in writing that he does not wish to file an Amended

20                    Complaint and pursue the action but instead wishes to voluntary dismiss

21                    the case. <u>See</u>, Fed.R.Civ.P. 41(a)(1).

22      Plaintiff is forewarned that his failure to comply with this Order may result in a

23 Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

24

25 IT IS SO ORDERED.

26 **Dated:    November 1, 2006**            **/s/ Sandra M. Snyder**
   icido3                        UNITED STATES MAGISTRATE JUDGE
27

28