KM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Joaquin Ybarra,                              )    No. CV 1-05-1013-SMM
                                             )
              Plaintiff,                     )    **ORDER**
                                             )
vs.                                          )
                                             )
A. Lamarque, et al.,                         )
                                             )
              Defendants.                    )
                                             )
_____             )

       Plaintiff Joaquin Ybarra, who is confined in the Kern Valley State Prison in Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Court dismissed the Complaint with leave to amend and Plaintiff filed a First Amended Complaint (Doc. #20).

       On November 25, 2008, this action was re-assigned to the undersigned Judge.  The Court will dismiss the First Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

1    allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
2    before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
3    (*en banc*).  Plaintiff's First Amended Complaint will be dismissed without leave to amend
4    because further amendment would be futile.

5    **II.    First Amended Complaint**

6             Plaintiff names the following Defendants in the First Amended Complaint: Warden
7    A. Lamarque, Warden R. Calderon, Chief Deputy Warden D. Stockman, Correctional
8    Captain A. Tucker, Correctional Counselor II K. Myles, Correctional Counselor II J.L.
9    Garcia, Correctional Counselor III D. Oftedahl, Correctional Lieutenant J.M. Briddle,
10   Correctional Counselor D. Vryhof, Correctional Counselor I D.T. Hawkes, Acting Director
11   of California Department of Corrections S. Cambra, Jr., Deputy Director of Institutions
12   Division L. Witek, Correctional Captain D. Hicinbothom, and Correctional Counselor III D.
13   Davis.

14            Plaintiff alleges two grounds for relief in the First Amended Complaint:

15        (1)  Plaintiff's Eighth Amendment rights were violated when Defendants, with
16             deliberate indifference to Plaintiff's safety, transferred Plaintiff to a general
17             population unit where Plaintiff was assaulted twice by other inmates; and

18        (2)  Plaintiff's Eighth Amendment rights were violated when Defendants transferred
19             Plaintiff to a general population unit and failed to protect Plaintiff from other
20             inmates.

21            Plaintiff seeks declaratory relief and money damages.

22   **III.   Statute of Limitations**

23            In the absence of waiver, the Court may raise the defense of statute of limitations *sua*
24   *sponte*.  See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).  See
25   also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding *sua sponte* dismissal
26   under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

27            In a § 1983 action, the applicable statute of limitations is the forum state's statute of
28   limitations for personal injury actions.  Action Apartment Ass'n, Inc.  v. Santa Monica Rent

1  Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007).  The California statute of limitations for

2  personal injury actions is two years.  Id.; Cal. Civ. P. Code § 335.1.

3       Plaintiff filed his Complaint on August 8, 2005.  Therefore, for this civil rights action

4  to be timely, Plaintiff's claims must have accrued no earlier than August 8, 2003, two years

5  before he filed his Complaint.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 379

6  (9th Cir. 1998) ("[A] claim generally accrues when the plaintiff 'knows or has reason to

7  know of the injury which is the basis of the action.'" (quoting Elliott v. City of Union City,

8  25 F.3d 800, 802 (9th Cir. 1994))); see also Action Apartment Ass'n, Inc., 509 F.3d at 1026-

9  27.

10       Plaintiff's allegations concern his transfer to general population units in the spring and

11  summer of 2001.  Specifically, Plaintiff claims that he was cleared for transfer to a general

12  population unit on April 27, 2001, and that he was attacked 15 minutes after arriving at the

13  general population unit.  Plaintiff further claims that he was transferred to the Salinas Valley

14  State Prison on August 9, 2001, where he was placed in a general population unit and again

15  attacked.  Plaintiff knew of his transfers and subsequent attacks at the time they occurred.

16  The latest of Plaintiff's claims accrued in August 2001, more than four years before Plaintiff

17  filed the present action.  Plaintiff's claims are therefore barred by the statute of limitations

18  and the Court will dismiss the First Amended Complaint and this action.

19  **IT IS ORDERED:**

20       (1)  The First Amended Complaint (Doc. #20) is **dismissed** for failure to state a claim

21  pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment

22  accordingly.

23       (2)  The Clerk of Court must make an entry on the docket stating that the dismissal

24  for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

25       DATED this 29th day of January, 2009.

Stephen M. McNamee
United States District Judge